Ms. Stacey Witherell Labor and Employee Relations Manager City of Little Rock 500 West Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Witherell:
I am writing in response to your request for my review of your decision to release certain records pursuant to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007). The FOIA request seeks many kinds of records, including: "the complete [p]ersonnel file[] of . . . [a certain police officer] covering his entire employment dates at the Little Rock Police Department. The employee file should include . . . formal internal investigations against the officer[] . . . annual performance evaluations . . . drug test results . . . and personnel action forms, etc."
You report that you have decided what documents must be released, but you ask about the propriety of your decision to release the results of various "drug tests," which you state normally include alcohol on the same test and "encompass random drug tests, reasonable suspicion drug tests, and pre-employment drug tests the employee may have been given." Further, you indicate that "the typical drug test would indicate pass/fail and if fail, may include the types of drugs and/or level of alcohol."
I have paraphrased your questions as follows:
 1. The results of a drug test are typically pass/fail. Does the FOIA require the custodians to release the mere fact of whether a drug test was passed or failed? *Page 2 
 2. If a drug test is failed, the document indicating the failure typically lists the drug (or amount of alcohol) that caused the test-taker to fail the drug test. Is there some reason to redact this information from a document indicating the mere fact of whether the test-taker failed the drug test?
RESPONSE
Because my statutory authority is limited to reviewing the custodian's decision and "issu[ing] an opinion stating whether the decision is consistent with [the FOIA], A.C.A. § 25-19-105(c)(3)(b)(i), and you have not provided me with the records at issue, I cannot opine on the propriety of the release of any specific documents. I can, however, discuss the general legal issues involved in making a decision about whether to release the results of a drug test on the one hand, or the names of the drugs causing one to fail a drug test, on the other hand. As for your first question, the FOIA, in my opinion, will generally require the release of a record reflecting whether a drug test was passed or failed. This will be the case regardless of whether the police officer's drug test was administered during the hiring phase or at another other time during employment. The public, in my opinion, has a substantial interest in knowing whether a police officer passed or failed a drug test that is administered in connection with his or her employment. Any privacy interest in the pass/fail result is, in my opinion, presumptively outweighed by the public interest. As for your second question, this is largely a question of fact for the custodian and I lack sufficient information to definitively answer it. I suggest you consult with your local counsel regarding the methods employed in the drug testing in order to apply the necessary balancing test for "personnel records" under the FOIA.
DISCUSSION Question 1: The results of a drug test administered to police officersare typically pass/fail. Does the FOIA require records custodians torelease a document indicating whether a drug test was passed orfailed?
Not having reviewed the actual records at issue, I can only discuss the relevant legal principles that would bear on the decision to release the types of documents mentioned in your request. A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must *Page 3 
be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
Given your comments in the set of letters included in your request, you appear to grant that the first and second elements are met. Accordingly, I will focus only on the third element. As for whether any exceptions shield the documents from disclosure, your letter to the subject of the FOIA request indicates that you believe the drug tests to be "personnel records" under the FOIA. If a document is a "personnel records," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007).
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147,citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd ed., 1998), at 134. I believe a record reflecting a "pass/fail" on a drug test probably qualifies as a "personnel record" under this formulation.
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593,826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the document that is sought is of a personal or intimate nature such that it gives rise to a more than de minimus privacy interest. Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the *Page 4 
information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id.,826 S.W.2d at 255.
Moving to the first step in the balancing test, we must assess whether the police officer has a discernable privacy interest in the pass/fail results of a drug test. I believe that officers have a more than deminimus privacy interest in the pass/fail results of a drug test. Accordingly, we must determine whether the public's interest outweighs the officer's privacy interest. While no Arkansas appellate cases have considered this specific issue, several Attorney General Opinions have considered an analogous issue: whether the results of psychological evaluations administered to police officers are subject to the FOIA. Drug tests are analogous to psychological evaluations in four ways. First, both are probably personnel records. See, e.g., Op. Att'y Gen. Nos. 98-101, 2000-226. Second, both tests are administered to ensure law enforcement officers are fit for their jobs. See id. Third, both tests may be passed or failed. See id. Fourth, both reveal some physical characteristic of the test-taker. See id.
Continuing the analogy, my predecessors have determined that the mere fact of passing or failing a psychological evaluation is likely subject to disclosure under the FOIA. E.g. Op. Att'y Gen. Nos. 2000-226, 98-202, 98-101, 92-319. In the context of psychological evaluations, the public has a substantial interest in knowing that its police officers are psychologically fit for duty. Similarly, with respect to drug use, the public, in my opinion, has a substantial interest in knowing how its police officers have performed on drug tests administered in connection with their employment. Accordingly, I believe your decision to release the fact of the pass/fail results of drug tests is consistent with the FOIA. Any privacy interest in the pass/fail result is, in my opinion, outweighed by the public interest.
Question 2: If an officer fails a drug test, the document indicatingthe failure typically lists the drug (or amount of alcohol) that causedthe test-taker to fail the drug test. Is there a valid reason to redactthis information from the document?
In my opinion, the analogy with psychological evaluations explained above is also useful for determining whether the substance of the drug test should be released. In the psychological evaluation context, my predecessor has opined that *Page 5 
"substance of the evaluation" should be scrutinized more carefully before a decision is made to release it. E.g., Op. Att'y Gen. Nos. 2000-226, 98-202. My predecessor concluded that, in the context of psychological evaluations, such scrutiny would likely reveal that the employee has an overriding privacy interest in withholding the record from release. In the context of a drug test, we must use a similar approach.
With regard to the drug tests at issue, you have indicated that the pass/fail results should be released (if they exist), and I assume from this that you have decided not to release the types of drugs present in the officer's blood if he failed the drug test. This suggests that you believe the employee has an overriding privacy interest in this information. Clearly, the disclosure of specific drug information could subject the affected officer to embarrassment or could affect future employment. Therefore, a substantial privacy interest is evident. Without a review of the records and additional facts surrounding the administration of the drug tests, including the relevant departmental policies and procedures, I am unable to definitively state whether release of the actual listed drugs is necessary to satisfy the public's interest under the section 25-19-105(c)(12) balancing test. The public could conceivably have a substantial interest in this information, but I simply lack sufficient information to make that determination. You must consult with your regular counsel to determine whether the officer's privacy interest overrides the public's interest, resulting in nondisclosure of the actual listed drugs.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General

 *Page 1